# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**BOBBY L. POSEY**  **PLAINTIFF**
**ADC #113508**

V.  NO. 4:25-cv-0607-KGB-ERE

**CAINNA TYSON,** *et al.*  **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.  Procedure for Filing Objections

This Recommendation has been sent to United States District Chief Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Chief Judge Baker can adopt this Recommendation without independently reviewing the record.

### II.  Background

*Pro se* plaintiff Bobby L. Posey, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Posey's complaint alleges that: (1) Lieutenant Cainaa Tyson issued him a major disciplinary without sufficient evidence; (2) Major/Warden Mary Cobbs approved of this disciplinary charge; (3) Superintendent/Warden Joe Paige, Disciplinary Hearing Administrator

Thomas Rowland, and Director Dexter Payne upheld his disciplinary conviction; (4) as a result of the conviction, his classification was reduced, his commissary, visitation, and phone privileges were restricted for 60 days, and he lost 360 days of good time credit. Mr. Posey sues Lieutenant Tyson, Major/Warden Cobbs, Superintendent/Warden Paige, Disciplinary Hearing Administrator Rowland and Director Payne in both their individual and official capacities seeking monetary and injunctive relief.

### III. <u>Discussion</u>

#### A.    Standard

To survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

#### B.    Due Process Claim

Due process requires that an inmate receive: (1) advance written notice of the disciplinary charge; (2) an opportunity to call witnesses and present a defense; (3) a

written statement of the evidence the fact-finder relied on and the reason for the disciplinary action; and (4) findings that are supported by "some" evidence. *Wolf v. McDonnell*, 418 U.S. 539, *563-67*. However, to be entitled to the due process protections provided by the Fourteenth Amendment, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action." See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). In this case, Mr. Posey's due process claim must be based on the denial of a liberty interest.

In his complaint Mr. Posey states that, as a result of the conviction for the disciplinary charge at issue, his classification was reduced, his commissary, visitation, and telephone privileges were restricted for 60 days, and he lost 360 days of good time credit. Such punishment is not severe enough to trigger a constitutionally protected liberty interest.[1] As a result, Mr. Posey complaint fails to state a plausible due process claim.

---

[1] See *Thornsberry v. Barden*, 854 F. App'x 105 (8th Cir. 2021) ("Thornsberry's assignment to isolation, loss of privileges, and reclassification were insufficient to state a due process claim."); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (inmates have no liberty interest in maintaining a particular classification level; and thirty days in punitive segregation is not an atypical and significant hardship); and *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property privileges); and *Wood v. Arkansas Parole Board*, 2022 Ark. 30, 5 (2022) (citing *Null v. Ark. Parole Bd.*, 2019 Ark. 50, at 3 (2019) (the Arkansas Supreme Court "has repeatedly held that there is no liberty interest in parole in Arkansas."); *Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007) ("Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions, and [the plaintiff] had no protectable liberty interest in having defendants follow their hearing policy.").

### C. Violation of ADC Policy and Procedure

To the extent that Mr. Posey claims that Defendants violated ADC policy and procedure by charging him with a disciplinary without sufficient evidence, then upholding his disciplinary conviction, that claim also fails. The law is settled that failing to follow prison policies or procedures is not conduct that rises to the level of a constitutional violation. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

### IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Posey's complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. The Clerk be directed to close this case.

Dated 23 June 2025.

_____
UNITED STATES MAGISTRATE JUDGE