**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**BOBBY L. POSEY**                                                                           **PLAINTIFF**
**ADC #113508**

**v.**                                            **Case No. 4:25-cv-00607-KGB**

**CAINNA TYSON,** *et al.*                                                              **DEFENDANTS**

## ORDER

Before the Court is the Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Edie R. Ervin (Dkt. No. 4). *Pro se* plaintiff Bobby L. Posey filed objections to the Recommendation (Dkt. No. 6). After conducting a *de novo* review of the record, the Court determines that Posey's objections break no new legal ground. It is true, as Posey suggests in his objections (*see id.*, at 6), that state law can create a protected liberty interest in good time credits for Fourteenth Amendment purposes. *See Sandin v. Conner*, 515 U.S. 472, 477–78 (1995) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)); *Louis v. Dep't of Corr. Servs. of Neb.*, 437 F.3d 697, 700 (8th Cir. 2006). However, prisoners have no protected liberty interest in the accumulation or loss of good-time credits under Arkansas law because, under Arkansas law, good time credit does not apply to reduce the length of a sentence but instead determines the location and conditions under which the sentence will be served. *Rodriguez v. Kelley*, Case No. 5:19-cv-00077-KGB-JTK, 2019 WL 8403589, at 2 (E.D. Ark. June 20, 2019), *R. & R. adopted*, Case No. 5:19-cv-00077-KGB, 2020 WL 1845230 (E.D. Ark. Apr. 10, 2020) (citing *McKinnon v. Norris*, 231 S.W.3d 725, 729 (Ark. 2006)); *see also Sandin*, 515 U.S. at 487 (noting "Connor's situation [does not] present a case where the State's action will inevitably affect the duration of his sentence"). As such, the Court agrees with Judge Ervin's assessment that the allegations in Posey's complaint do not implicate a protected liberty interest for purposes of the Fourteenth Amendment.

Accordingly, after careful consideration, the Court approves and adopts the Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 4). Posey's complaint is dismissed without prejudice (Dkt. No. 2). The Court denies as moot and futile Posey's motion to amend complaint (Dkt. No. 7). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith. The Court recommends that, in the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

It is so ordered this 23rd day of March, 2026.

Kristine G. Baker
Chief United States District Judge

2